UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    Petitioner,

 v.                                                       **Case No. 21-CV-804**

**DYLON RADTKE,**

    Respondent.

## DECISION AND ORDER

On June 30, 2021, Robert L. Tatum filed a petition for habeas relief. (Docket # 1.) While this case was assigned to Judge Adelman, Tatum filed three motions: a motion to compel the respondent to provide electronic filing notice of all orders and the respondent's filings (Docket # 5); a motion to alter or amend Judge Adelman's November 2, 2021 Order (Docket # 9); and a motion for judgment on the pleadings (Docket # 17). On January 27, 2022, the case was reassigned to me on the consent of the parties. (Docket # 18.) Since then, Tatum has filed a motion for an expedited ruling on his motion to amend the November 2, 2021 Order. (Docket # 20.) I will address each of Tatum's motions in turn.

    1.    *Motion for Order Compelling Resp. Custodian Radtke to Provide (Electronic) Filing Notice of All Orders and Resp. Filings (Docket # 5)*

Tatum requests an order compelling the respondent to provide him with notice of the respondent's filings and any order of the Court. (Docket # 5.) He alleges that the respondent has obstructed his receipt of orders by mail in the past, and that intervention is warranted to ensure his access to courts. (*Id.* at 2.) To that end, Tatum proposes that after an order of the Court or a filing by the respondent is docketed in this matter, the respondent (or one of his

agents) will be required to personally deliver an electronic notice and a physical copy of the document to him. (*Id.*) While Tatum accuses prison staff of obstructing his mail in the past, there is no indication that Tatum has failed to receive any orders or filings regarding this matter. For this reason, this motion is denied.

    2.    *Motion to Alter or Amend November 2, 2021 Order (Docket # 9)*

Tatum moves to alter or amend the November 2, 2021 Order signed by Judge Adelman. (Docket # 9.) While screening Tatum's habeas petition, Judge Adelman noted that while the petition seemed untimely, it did not plainly appear that Tatum was not entitled to relief. (Docket # 6 at 1.) As such, he ordered the respondent to file an answer or other responsive pleading to Tatum's petition within 60 days of the date of the order and set a scheduling order for briefing on the merits of Tatum's claims. (*Id.* at 1–2.)

Tatum argues that while Judge Adelman gave him 45 days after the filing of the respondent's answer to file a brief in support of his petition, such time is unnecessary because his brief has already been filed. (Docket # 9.) Tatum did file a brief along with his habeas petition on June 30, 2021. (Docket # 2.) The respondent filed an answer to Tatum's petition on January 18, 2022. (Docket # 14.) Tatum subsequently filed a reply to the respondent's answer on January 25, 2022 and additionally moved for judgment on the pleadings. (Docket # 17.) To clarify any confusion on the schedule governing this case, I will enter a new scheduling order governing the filing of briefs on the merits of Tatum's claims.

Tatum further argues that his petition is in fact timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and objects to Judge Adelman's advisement that he must send copies of all future filings to respondent's counsel, arguing that his participation in Green Bay Correctional Institution's mandatory e-filing program eliminates the need for

2

Case 2:21-cv-00804-NJ    Filed 02/07/22    Page 2 of 5    Document 21

service by mail. (Docket # 9.) Judge Adelman's observation that Tatum's petition is seemingly untimely was not a determination on the petition's merits. As such, amendment is not warranted on this ground. However, Tatum is correct that the respondent will automatically receive electronic notice of his filings in this case. No further action on Tatum's part is therefore required. Accordingly, this part of Tatum's motion is granted.

For these reasons, this motion is denied in part and granted in part.

3. *Motion for Judgment on the Pleadings (Docket # 17)*

In his reply to the respondent's answer, Tatum argues that the respondent failed to attach all transcripts relevant to his claims for relief. (Docket # 17 at 1.) He further argues that the respondent failed to sufficiently respond to the allegations in his petition, thereby stipulating to the truth of these allegations and entitling him to judgment on the pleadings. (*Id.* at 2.)

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent must attach to the answer parts of the transcript that the respondent considers relevant, and the court may order that the respondent furnish other parts of existing transcripts. At this stage, I find that an order requiring the respondent to furnish additional transcripts is unwarranted. If I later find that additional transcripts are needed, I will address the issue then. Further, the respondent's answer sufficiently denied the allegations in Tatum's petition. As such, judgment on the pleadings is not warranted. For these reasons, this motion is denied.

4. *Motion for Expedited Ruling on Motion to Amend Scheduling Order and Transcript Production (Docket # 20)*

Finally, Tatum moves for an expedited ruling on his motion to amend the November 2, 2021 Order to reflect that his brief in support of his petition has been filed and request that the respondent produce additional transcripts. (Docket # 20.) For the reasons stated above, a

3

new scheduling order will be entered in this case, and there is no basis at this time for requiring the respondent to produce additional transcripts. As such, this motion is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to compel the respondent to provide electronic filing notice of all orders and the respondent's filings (Docket # 5) is **DENIED.**

**IT IS FURTHER ORDERED** that the petitioner's motion to alter or amend the November 2, 2021 Order (Docket # 9) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the petitioner's motion for judgment on the pleadings (Docket # 17) is **DENIED.**

**IT IS FURTHER ORDERED** that the petitioner's motion for an expedited ruling (Docket # 20) is **DENIED**.

**FINALLY, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. Tatum has already submitted his brief in support of his petition. (Docket # 2.) The respondent shall have **forty-five (45) days** from the date of this order to file a response brief to the petitioner's habeas corpus petition.
2. The petitioner shall have **thirty (30) days** from the filing of the respondent's brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

4

Case 2:21-cv-00804-NJ   Filed 02/07/22   Page 4 of 5   Document 21

Dated at Milwaukee, Wisconsin this 7th day of February, 2022.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge